[Cite as *State v. McCullough*, 2018-Ohio-2340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-17-1142

    Appellee                                        Trial Court No. CR0201701083

v.

Robert Keith McCullough                       **DECISION AND JUDGMENT**

    Appellant                                       Decided:  June 15, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Robert McCullough, was permitted to file a delayed appeal from the March 22, 2017 judgment of the Lucas County Court of Common Pleas, in which the trial court accepted appellant's plea of no contest and convicted him of the lesser-included offense of aggravated assault, a violation of R.C. 2903.12(A)(1) and (B), a

felony of the fourth degree.  Appellant was sentenced to 14 months in prison.  One week later, appellant sought to withdraw his plea, which the trial court denied on May 5, 2017, after a hearing on the matter.

{¶ 2} Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's court-appointed counsel has filed an appellate brief and motion to withdraw as counsel.  She attested in her affidavit that she mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief, but he did not do so.

{¶ 3} Appellant's counsel states in her motion that she thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant.  However, in compliance with the requirements of *Anders,* appellant's counsel has submitted a brief setting forth the following potential assignment of error:

APPELLANT COULD ASSERT HIS PLEA WAS NOT

VOLUNTARILY, KNOWINGLY OR WILLINGLY ENTERED INTO.

{¶ 4} Appellant's appointed counsel has included arguments which support this assignment of error, but concludes that it is unsupported by the record and the law.  Therefore, she concludes that an appeal would be frivolous.

{¶ 5} When a defendant desires to enter a guilty or no contest plea, a trial court must conduct a hearing and address the defendant personally pursuant to Crim.R. 11(C)(2).  Furthermore, the rule requires that the trial court must inform the defendant of certain information, make specific determinations, and give the warnings required by

2.

subsections (a) and (b) and notify the defendant of the constitutional rights listed in subsection (c) that are waived by entering a plea.

{¶ 6} In this case, the trial court's colloquy with appellant was very thorough and fulfilled each of the requirements of Crim.R. 11(C)(2). Therefore, we find no merit to the error alleged by appellant's appointed counsel.

{¶ 7} Furthermore, this court has the obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record does not disclose any errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____

                                                    JUDGE

Arlene Singer, J.                            _____

Thomas J. Osowik, J.                                     JUDGE
CONCUR.

                                              _____

                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.